UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

John Raines and Tim McGough, as Trustees of the Twin City Carpenters Pension Master Trust Fund, and each of their successors,

      Plaintiffs,

vs.

PRO-TEC Industrial Services, Inc. and Industrial Plant Maintenance Services, Inc., a/k/a IPMS,

      Defendants.

_____

Civil File No. 12-1922 SRN/JJK

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT AGAINST PRO-TEC INDUSTRIAL SERVICES, INC.**

This matter was heard before the undersigned on January 24, 2012. Amanda R. Cefalu of Anderson, Helgen, Davis & Nissen, PA, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant PRO-TEC Industrial Services, Inc.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on August 6, 2012. Defendant PRO-TEC Industrial Services, Inc. (hereinafter Pro-Tec) was served on August 13, 2012 and Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS (hereinafter IPMS) was served on August 14, 2012.

2. Defendant IPMS filed an Answer to the Complaint on August 31, 2012. Defendant Pro-Tec failed to file and serve a response or Answer to the Complaint.

3. The Application for Entry of Default Against Defendant Pro-Tec and Affidavit of Amanda R. Cefalu in support of the Application for Entry of Default were filed with the Court on September 12, 2012 [Doc. No. 6]. The Clerk's Entry of Default was entered on September 13, 2012 [Doc. No. 9]. Plaintiffs filed the instant Motion for Default Judgment Against Defendant Pro-Tec on December 13, 2012 [Doc. No. 15], and served Defendant Pro-Tec with the Motion and accompanying papers by mail that same day. (Affidavit of Service [Doc. No. 22].)

4. Plaintiffs are trustees and fiduciaries of the Twin City Carpenters Pension Master Trust Fund (hereinafter Fund). The Fund is a multi-employer plan as defined by 29 U.S.C. § 1002(37), established to provide pension benefits to employees performing covered work.

5. The Fund for which Plaintiffs are Trustees is maintained by the Union and employers for the benefit of workers pursuant to a Collective Bargaining Agreement.

6. Plaintiffs are responsible for determining and collecting withdrawal liability amount from employers who have entered into a Collective Bargaining Agreement with the Union, and then either "(1) permanently [cease] to have an obligation to contribute under the plan, or (2) permanently [cease] all covered operations under the plan." 29 U.S.C § 1383(a).

7. Defendant Pro-Tec agreed to be bound to a Collective Bargaining Agreement (hereinafter CBA) with the Independent Millwright Contractors Association of Southern Minnesota, Western Wisconsin, and South Dakota and the Millwright and

Machinery Erectors Local #548, and the North Central States Regional Council of Carpenters (f/k/a Lakes and Plains Regional Council of Carpenters and Joiners).

8. On or about December 31, 2008, Defendant Pro-Tec permanently ceased all covered operations under the Fund. Pursuant to ERISA Section 4203(a), 29 U.S.C. § 1383(a), Defendant Pro-Tec completely withdrew from the Fund.

9. The Fund Actuary calculated Defendants' withdrawal liability. On April 9, 2010, the Fund sent a letter to Defendants demanding payment for withdrawal liability in the amount of $472,235.00, payable in eight quarterly payments, with the first seven payments in the amount of $63,606.00 and the eighth and final payment in the amount of $43,873.00. In that same letter, the Fund demanded that Defendants commence quarterly payments on June 7, 2010.

10. Defendant Pro-Tec failed to submit the first payment due under the installment plan on June 7, 2010.

11. On July 13, 2010, the Fund notified Defendant Pro-Tec that they were delinquent on the payment schedule, and provided Defendants with notice that the Fund would accelerate the entire balance due if the default was not cured. Defendants did not cure the default.

12. Defendant Pro-Tec has failed to remit any of the installment payments due.

13. The Trust Agreement entitles the Plaintiffs to liquidated damages and to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant PRO-TEC Industrial Services, Inc. is in default and Plaintiffs are entitled to a Money Judgment.

2. Defendant PRO-TEC Industrial Services, Inc. is liable to the Plaintiffs in the amount of $472,235.00 for employer withdrawal liability and $47,223.50 for liquidated damages.

3. Defendant PRO-TEC Industrial Services, Inc. is liable for Plaintiffs' attorney fees and costs in the amount of $3,965.49.

## ORDER

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Entry of Judgment Against PRO-TEC Industrial Services, Inc. [Doc. No. 15] is **GRANTED**.

2. That judgment in the amount of $523,423.99 shall be entered against Defendant PRO-TEC Industrial Services, Inc. in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY as to Defendant PRO-TEC Industrial Services, Inc.**

Dated: January 24, 2013                    BY THE COURT:

                                           s/Susan Richard Nelson
                                           The Honorable Susan Richard Nelson
                                           United States District Court Judge