UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Twin City Carpenters Pension Master Trust Fund, and each of their successors,<br><br>      Plaintiffs,<br><br>vs.<br><br>PRO-TEC Industrial Services, Inc. and Industrial Plant Maintenance Services, Inc., a/k/a IPMS,<br><br>      Defendants. | Civil File No. 12-1922 SRN/JJK<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF JUDGMENT AGAINST INDUSTRIAL PLANT <u>MAINTENANCE SERVICES, INC., A/K/A IPMS</u>** |

_____

This matter was heard before the undersigned on July 25, 2013. Amanda R. Cefalu of Anderson, Helgen, Davis & Nissen, PA, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS.

**FINDINGS OF FACT**

    1.    Plaintiffs filed a Summons and Complaint in this matter on August 6, 2012. Defendant PRO-TEC Industrial Services, Inc. (hereinafter Pro-Tec) was served on August 13, 2012 and Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS (hereinafter IPMS) was served on August 14, 2012.

    2.    Defendant IPMS filed an Answer to the Complaint on August 31, 2012. Defendant Pro-Tec failed to file and serve a response or Answer to the Complaint.

3. The Application for Entry of Default against Defendant Pro-Tec and Affidavit of Amanda R. Cefalu in support of the Application for Entry of Default were filed with the Court on September 12, 2012. The Clerk's Entry of Default was entered on September 13, 2012. Judgment was entered against Defendant Pro-Tec on January 24, 2013 in the amount of $523,423.99.

4. On February 6, 2013, Plaintiffs filed a Motion to Compel Discovery against IPMS, seeking certain business records relating to the claims asserted against IPMS in this matter. *See* (Court Docket Nos. 26-30). On the same date, Michael Brutlag, counsel for IPMS filed a Motion to Withdraw from representation IPMS.

5. On February 6, 2013, attorney Michael Brutlag filed an Affidavit stating that it had advised IPMS of the consequences of failing to answer discovery, and also the consequences of having Mr. Brutlag's firm withdraw as counsel. *See* (Court Docket No. 35, p. 2). After being advised of the consequences of defaulting, IPMS informed Mr. Brutlag that the company had made the decision not defend against this litigation.

6. On February 21, 2013, the parties attended a hearing upon counsel's Motion to Withdraw as counsel for IPMS. The Honorable Magistrate Judge Jeffrey J. Keyes granted Mr. Brutlag's Motion to Withdraw, and ordered the Clerk of Court to mail of copy of the Minute Order relating to his ruling to IPMS. In his Minute Order, the Magistrate Judge stated the following: "Defendant Industrial Plant Maintenance Services, Inc. is a corporation and a corporation may not proceed *pro se* in this district." Magistrate Judge Keyes urged IPMS "to obtain new counsel, and to notify the Court of

such once counsel is obtained. Failure to do so, if this case is not stayed pending bankruptcy proceedings, may result in judgment against it."

7. Plaintiffs also served IPMS with the Minute Order issued by Magistrate Judge Keyes on February 28, 2013.

8. To date, IPMS has failed to retain counsel, and is therefore in default.

9. Plaintiffs are trustees and fiduciaries of the Twin City Carpenters Pension Master Trust Fund (hereinafter Fund). The Fund is a multi-employer plan as defined by 29 U.S.C. § 1002(37), established to provide pension benefits to employees performing covered work.

10. The Fund for which Plaintiffs are Trustees is maintained by the Union and employers for the benefit of workers pursuant to a Collective Bargaining Agreement.

11. Plaintiffs are responsible for determining and collecting withdrawal liability amount from employers who have entered into a Collective Bargaining Agreement with the Union, and then either "(1) permanently [cease] to have an obligation to contribute under the plan, or (2) permanently [cease] all covered operations under the plan." 29 U.S.C § 1383(a).

12. Defendant Pro-Tec agreed to be bound to a Collective Bargaining Agreement (hereinafter CBA) with the Independent Millwright Contractors Association of Southern Minnesota, Western Wisconsin, and South Dakota and the Millwright and Machinery Erectors Local #548, and the North Central States Regional Council of Carpenters (f/k/a Lakes and Plains Regional Council of Carpenters and Joiners).

13. On or about December 31, 2008, Defendant Pro-Tec permanently ceased all covered operations under the Fund. Pursuant to ERISA Section 4203(a), 29 U.S.C. § 1383(a), Defendant Pro-Tec completely withdrew from the Fund.

14. The Fund Actuary calculated Defendants' withdrawal liability. On April 9, 2010, the Fund sent a letter to Defendants demanding payment for withdrawal liability in the amount of $472,235.00, payable in eight quarterly payments, with the first seven payments in the amount of $63,606.00 and the eighth and final payment in the amount of $43,873.00. In that same letter, the Fund demanded that Defendants commence quarterly payments on June 7, 2010.

15. Defendant Pro-Tec failed to submit the first payment due under the installment plan on June 7, 2010.

16. On July 13, 2010, the Fund notified Defendant Pro-Tec that they were delinquent on the payment schedule, and provided Defendants with notice that the Fund would accelerate the entire balance due if the default was not cured. Defendants did not cure the default.

17. Defendant Pro-Tec has failed to remit any of the installment payments due.

18. Plaintiffs asserted, in the Complaint, that IPMS was an entity under "Common control" with PRO-TEC and should be treated as a single employer and jointly liable for employer withdrawal liability owed by PRO-TEC pursuant to ERISA §4001, 29 U.S.C. §1301(b)(1).

19. Upon information and belief, Defendant PRO-TEC and Industrial Plant Maintenance Services, Inc., a/k/a IPMS ("IPMS") are all entities owned and effectively controlled by Robert D. O'Connell.

20. Mr. Robert D. O'Connell is the owner of Defendant PRO-TEC Industrial Services. PRO-TEC Industrial Services is operated out of 12858 Exhall Avenue, Hugo, MN 55038. Upon information and belief, Industrial Plant Maintenance Services, Inc. (IPMS) is also operated out of 12858 Exhall Avenue, Hugo, MN.

21. To date, the Plan has not received a response or any communication from IPMS in response to the Complaint filed in this action.

22. The Trust Agreement entitles the Plaintiffs to liquidated damages and to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS, is in default because it is an unrepresented corporation. <u>Ackra Direct Marketing Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 857 (8th Cir. 1996).

2. At all relevant times, IPMS was an entity under "common control" with PRO-TEC and is therefore treated as a single employer and jointly liable for employer withdrawal liability owed by PRO-TEC pursuant to ERISA § 4001, 29 U.S.C. § 1301(b)(1).

3. Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS is liable to the Plaintiffs in the amount of $472,235.00 for employer withdrawal liability and $47,223.50 for liquidated damages.

4. Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS is liable for Plaintiffs' attorney fees and costs in the amount of $3,965.49.

## **ORDER**

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Entry of Judgment Against Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS is GRANTED.

2. That judgment in the amount of $523,423.99 shall be entered against Defendant Industrial Plant Maintenance Services, Inc., a/k/a IPMS in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 22, 2013

BY THE COURT:

s/Susan Richard Nelson
The Honorable Susan Richard Nelson
United States District Court Judge

137868